AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
### District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**KEVIN HAROLD LEWIS** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 4:11cr00142-01 JMM<br>USM Number: 26446-009<br>Timothy Dudley<br>Defendant's Attorney |

**Date of Original Judgment:** 12/2/2011
(Or Date of Last Amended Judgment)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 15 2011
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) **1 of Information**
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1344 | Bank Fraud, a Class B Felony | 9/29/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **11** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/9/2011
Date of Imposition of Judgment

/s/ James M. Moody
Signature of Judge

James M. Moody — US District Judge
Name of Judge — Title of Judge

12/15/2011
Date

AO 245C (Rev. 09/11 Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 4:11-cr-00142-JMM Document 16 Filed 12/15/11 Page 2 of 7
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 11

DEFENDANT: KEVIN HAROLD LEWIS
CASE NUMBER: 4:11cr00142-01 JMM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

ONE HUNDRED TWENTY ONE (121) MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

*The defendant shall participate in the RDAP intensive drug treatment program, if eligible, with an emphasis on alcohol abuse.
The defendant shall serve his term of imprisonment at Millington, Tennessee.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on 2/7/2012 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 4:11-cr-00142-JMM   Document 16   Filed 12/15/11   Page 3 of 7
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 3 of 11

DEFENDANT: KEVIN HAROLD LEWIS
CASE NUMBER: 4:11cr00142-01 JMM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**THREE (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KEVIN HAROLD LEWIS
CASE NUMBER: 4:11cr00142-01 JMM

Judgment—Page __4__ of __11__

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment. Further, the defendant shall abstain from the use of alcohol throughout the course of treatment.

2) The defendant shall participate in mental health counseling under the guidance and supervision of the U. S. Probation office.

3) The defendant shall disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit shall be established without prior approval of the U.S. Probation Office until all criminal penalties have been satisfied.

4) Pursuant to 12 USC §§ 1785 & 1829, the defendant shall not obtain employment in an institution insured by the FDIC or a Federal Credit Union.

DEFENDANT: KEVIN HAROLD LEWIS
CASE NUMBER: 4:11cr00142-01 JMM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | *$ 39,464,761.21 |

☐☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *Centennial Bank Attn: Stephen Tipton<br>2171 West Main Street, Cabot, AR 72023 |  | $5,638,435.13 |  |
| Regions Bank Attn: Murray Hunt Corporate Security<br>Fifth Floor, 400 W. Capitol, Little Rock, AR 72201 |  | $3,225,139.74 |  |
| Citizens State Bank Attn: Larry Kircher<br>306 South Elm St., Bald Knob, AR 72010 |  | $922,581.07 |  |
| Simmons First National Bank c/o Mitchell L. Berry<br>Eichenbaum Law Firm, 124 Capitol Ave., Suite 1900<br>Little Rock, AR 72201 |  | $221,583.33 |  |
| TOTALS | $ _____ | *$ 39,464,761.21 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 5B — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KEVIN HAROLD LEWIS
CASE NUMBER: 4:11cr00142-01 JMM

Judgment — Page  6  of  11

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Allied Bank  Attn: Alex Golden<br>4900 Kavanaugh<br>Little Rock, AR  72207 | | $3,250,000.00 | |
| Liberty Bank of Arkansas<br>1240 East Main St.<br>,Batesville, AR  72501 | | $1,369,021.54 | |
| First Community Bank  c/o Laura Brissey<br>Belew, Bell & Brissey<br>500 E. Main St., Suite 301<br>Batesville, AR  72501 | | $1,901,325.54 | |
| Bank of Augusta  Attn: Charles Eldridge<br>100 South Second St.<br>Augusta, AR  72006 | | $25,000.00 | |
| First Southern Bank  Attn: FDIC c/o Restitutions Unit<br>Attn Larry E. Young<br>10601 Bryan St., Mail Drop 13.1<br>Dallas, TX  75201 | | $22,336,475.00 | |
| Travelers Insurance Company<br>Attn: Ronald G. Mund<br>215 Shuman Blvd.<br>Naperville, IL  60563 | | $140,000.00<br>$435,199.86 | (Simmons)<br>(Bank of Augusta) |

    * Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed
on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  KEVIN HAROLD LEWIS
CASE NUMBER:  4:11cr00142-01  JMM

Judgment — Page __7__ of __11__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☑ Lump sum payment of $ __100.00__ due immediately, balance due

      ☐ not later than _____ , or
      ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B    ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☑ Special instructions regarding the payment of criminal monetary penalties:

      *During incarceration, the defendant will pay 50 percent per month of all funds that are available to him.  *This is exclusive of gifts from friends and family.  During residential re-entry placement, payments will be reduced to 10 percent of the defendant's gross monthly income.  Beginning the first month of supervised release, payments will be 120 percent per month of the defendant's monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.