IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

**v.**                                **Case No. 4:11-cr-00142 KGB**

**KEVIN HAROLD LEWIS**                                                       **DEFENDANT**

**ORDER**

Pending before the Court is defendant Kevin Harold Lewis's motion for early termination of supervised release (Dkt. No. 37). The government has responded to the motion and does not contest early termination of supervised release if the Court believes it is appropriate (Dkt. No. 40). For the following reasons, the Court grants the motion for early termination of supervised release (Dkt. No. 37).

On August 3, 2011, Mr. Lewis plead guilty to bank fraud in violation of 18 U.S.C. § 1344 (Dkt. Nos. 3-4). The Court sentenced Mr. Lewis on December 9, 2011, to 121 months of imprisonment, three years of supervised release, restitution in the amount of $39,464,761.21, and a $100.00 special penalty assessment (Dkt. Nos. 10, 13, 16, 18).[1]

Mr. Lewis's supervision commenced on November 29, 2019 (Dkt. No. 37, ¶ 1). Mr. Lewis states that he has complied with all of the terms and conditions of his supervision, including significant payments of restitution and remaining gainfully employed (Dkt. No. 37, ¶ 1). The United States Probation Office confirms that Mr. Lewis is in compliance with the conditions of his release (Dkt. No. 40, at 1).

---

[1] The Honorable James M. Moody received Mr. Lewis's plea and sentenced him. After Judge Moody's retirement, this case was reassigned (Dkt. No. 34).

In its response, the government states that it advised counsel for Mr. Lewis that if Mr. Lewis would provide updated financial information and enter into a payment agreement to ensure continued payment of outstanding restitution, the government would not oppose Mr. Lewis's motion for early termination of supervised release (Dkt. No. 40, at 1). The government states that the Financial Litigation Unit has confirmed that Mr. Lewis provided updated financial information and is working to negotiate a payment agreement to ensure continued payment of restitution (*Id.*). Accordingly, the government does not contest Mr. Lewis's motion for early termination of supervised release if the Court believes it is appropriate (*Id.*).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the appropriate factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As he has served more than one year of supervised release, Mr. Lewis is eligible for early termination of the remainder of his supervised release under 18 U.S.C. § 3583(e). Mere compliance with the terms of supervised release does not justify early termination because compliance is expected.

Here, Mr. Lewis has made substantial progress such that the interests of justice support early termination at this point. Since his release, he has maintained full-time employment and has cared for the needs of his family and community, along with successfully completing the requirements of supervision to date including but not limited to making restitution payments. Therefore, this Court grants Mr. Lewis's motion for early termination of supervised release (Dkt. No. 37).

It is so ordered this 8th day of September, 2022.

_____
Kristine G. Baker
United States District Judge